[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Donald Charette appeals the decision of the Commissioner of Motor Vehicles suspending his motor vehicle operator's license for a period of six months. The Commissioner acted pursuant to General Statutes § 14-227b
and was based on the finding of the Department's hearing officer that the plaintiff had refused to submit to a chemical test of the alcohol content of his blood. The plaintiff's appeal is authorized by § 4-183. The court finds the issues in favor of the defendant Commissioner.
At the administrative hearing in this case, the plaintiff appeared and testified and, in response to the plaintiff's subpoena, the police officer who stopped and arrested him also appeared and testified. In addition, the police officer's written report on the A 44 form was admitted in evidence along with a supplemental narrative report. The plaintiff objected to the report, but the hearing officer overruled the objection.
The police officer testified that he observed the plaintiff operating his vehicle and swerving back and forth within his lane. He stated that he considered this to be "erratic" operation of the vehicle. He also testified that he observed that the license registration tag on the plaintiff's vehicle indicated that the registration had expired. Based on those observations, the officer stopped the plaintiff. Subsequent observation CT Page 6950 and field testing led him to arrest the plaintiff on the drunk driving charge. The plaintiff then refused to submit to the breath test.
On appeal, the plaintiff raises three issues: (1) that the initial stop of the plaintiff by the police was illegal; (2) that the hearing officer erred in admitting the supplemental pages of the police report; (3) that the Commissioner's suspension of the plaintiff's license was invalid because the hearing officer did not sign the final decision.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime."State v. Lamme, 216 Conn. 172, 184 (190). What constitutes a reasonable and articulable suspicion depends upon the totality of the circumstances. State v.Anderson, 24 Conn. App. 438 441 (1991).
Furthermore, "(j)udicial review of the commissioner's action . . . is very restricted. . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v.Kozlowski, 171 Conn. 705 (1976).
In this case, the evidence in the record, as summarized above, was sufficient for the hearing officer to determine that the police officer had the requisite reasonable and articulable suspicion of wrongdoing to stop the plaintiff for further investigation. Even without the police officer's narrative report, his testimony that he observed the plaintiff operating his vehicle erratically by swerving repeatedly within his lane and operating with an apparently expired registration provided sufficient basis for the investigatory stop.
The plaintiff points to the officer's testimony at the hearing when he agreed in response to a question of CT Page 6951 plaintiff's counsel that he stopped the plaintiff on a "hunch." The plaintiff argues that a "hunch" is a legally insufficient basis for a stop. That, of course, is true, but the officer provided ample further testimony that he had solid legal grounds for stopping the plaintiff, and the hearing officer was entitled to believe that testimony fully in concluding that the arrest of the plaintiff was a legal arrest.
The plaintiff's arguments concerning the admission of the police officer's narrative report cannot be sustained. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987).
In the present case, the supplemental pages were clearly submitted as an attachment to the A 44 form, as indicated by the check mark in the appropriate block. Furthermore, the supplemental report was executed under oath. Finally, as noted, the police officer who was the author of the supplemental report was present and testified at the hearing so that the plaintiff had full opportunity to test the accuracy of the officer's written report. These factors are sufficient to support the hearing officer's admission of the report in evidence.
With respect to the plaintiff's claim that the hearing officer did not sign the final decision, the Commissioner has submitted an affidavit by the hearing officer stating that his original decision was indeed signed and attaching a photocopy of the signed decision. The fact that the Department did not send the plaintiff a copy of the decision signed by the hearing officer is, in this case, of no significance.
Throughout the proceedings in this case, the plaintiff has consistently maintained that he had not been drinking the night that he was arrested. At the hearing, he testified that the reason he refused to submit to the breath test was that he did not trust the accuracy of the testing device used by the police. He did CT Page 6952 not offer any evidence in support of this opinion and has not made it a basis of his appeal. Nevertheless, it reveals such a fundamental misconception of the state's drunk driving laws that it is appropriate for the court to address the argument.
General Statutes § 14-227b(a) provides that "Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." Subsection (b) provides that the police have the option of deciding what kind of test to administer. The statute goes on to provide that the Commissioner must suspend the license of any person who has refused to be tested.
General Statutes § 14-227a(e) provides that the state Department of Health Services shall determine the reliability and accuracy of the various types of testing devices and certify which kinds can be used by the police. That Department has issued regulations for the use of the testing devices and the training and certification of police officers in their operation.
The point of the court's discussion of the applicable statutes in this area is to make clear that the plaintiff's refusal to be tested is the sole reason for the suspension of his license and that the Commissioner's action was required by statutes duly enacted by the state legislature.
The appeal is dismissed.
MALONEY, J.